**In the Matter of the ESTATE OF Lois Maude LOFLIN, Deceased.**

**Margaret Vandever, Mary Brammer, and Calvin F. Lorentz, Petitioners–Appellants,**

v.

**Geneva Smith Emery, Noel Adam, Raymond Adam, Gregory Emery, Jan Bartlett Emery, Gail Emery, Leland Smith, Stephen Ray Smith, and Robert Wayne Cox, Respondents–Appellees.**

**No. 02CA1475.**

Colorado Court of Appeals, Div. III.

Aug. 14, 2003.

Beck and Cassinis, P.C., Howard J. Beck, Heidi M. Miller, Aurora, Colorado, for Petitioners–Appellants.

Maggard Rogers and Slonka, LLP, James M. Maggard, Englewood, Colorado, for Respondents–Appellees.

Opinion by Judge ROY.

Petitioners, Margaret Vandever, Mary Brammer, and Calvin F. Lorentz (husband's family) appeal the trial court's order probating the will of Lois Maude Loflin (wife). The respondents Geneva Smith Emery, Noel Adam, Raymond Adam, Gregory Emery, Jan Bartlett Emery, Gail Emery, Leland Smith, Stephen Ray Smith, and Robert Wayne Cox, are members of wife's family. We reverse.

In 1975, while living in Kansas, wife and her husband, Kenneth Loflin (husband), executed a single "Joint and Mutual Last Will and Testament of Kenneth Jackson Loflin and Lois Maude (Smith) Loflin, Husband and Wife" (the Kansas Will). Husband and wife had no descendants.

The Kansas Will provides that upon the death of the first to die the entire estate would pass to the survivor, and, upon the death of the survivor the estate was to be distributed equally among seven devisees (one of whom predeceased wife) including wife's brothers and sisters and husband's nieces and nephews. The effect of this distribution at wife's death was to divide the estate equally between the two families. We cannot determine the relationship of the predeceased devisee named in the Kansas Will.

The couple later moved to Oklahoma, where the husband died. Wife submitted the Kansas Will to probate in Oklahoma, and the entire estate of husband passed to wife in accordance with the Kansas Will.

Wife then moved to Colorado and executed a new Last Will and Testament (the Colorado Will). The Colorado Will revoked all prior wills and codicils and distributed the estate one half in equal shares to her sisters

and one-half in equal shares to seven of her nieces and nephews and one of husband's nephews. The Colorado Will substantially increased the distribution to wife's family at the expense of husband's family which was reduced to one-sixteenth of the estate.

Following wife's death in Colorado, the personal representative named in the Colorado Will filed for informal probate and submitted both wills. Husband's family petitioned for probate of the Kansas Will and argued that it was a contract will and thus irrevocable by wife following husband's death. Wife's family took the contrary position.

After a hearing, the trial court concluded that Colorado law applied and that the Kansas Will was not a contract will under either Kansas or Colorado law and accordingly admitted the Colorado Will to probate. The son of one of husband's nephews, a lawyer and judge in Kansas who prepared the Kansas Will, testified that he advised husband and wife that the Kansas Will was a contract will which could not be unilaterally revoked. Wife's family objected to this testimony. The trial court never ruled on the objection and concluded as a matter of law to the contrary.

### I.

We must first determine what law controls the determination of whether the Kansas Will is a contract will. Husband's family argues that Kansas law controls because the Kansas Will was executed in Kansas in accordance with the laws of that state. Wife's family argues that Colorado law should control because Colorado is where the deceased died and where the estate is located. We conclude that Kansas law applies.

■ A contract will is an agreement between two persons to devise property according to a "common plan" by means of a contract that cannot be unilaterally revoked. *See In re Duncan's Estate,* 7 Kan.App.2d 196, 638 P.2d 992 (1982). At the time of the execution of the Kansas Will, both Colorado and Kansas recognized the validity of contract wills. *See In re Schofield's Estate,* 101 Colo. 443, 73 P.2d 1381 (1937); *In re Chronister's Estate,* 203 Kan. 366, 454 P.2d 438

(1969). Further, the Colorado General Assembly has recognized contract wills. Section 15–11–514, C.R.S.2002.

However, the two states differ on the requirements to create a binding contract will. By statute, Colorado requires express language in the will evidencing a contract, another writing signed by the decedent that evidences a contract, or material provisions of the contract appear in the will. *See* § 15–11–514; *Rieck v. Rieck,* 724 P.2d 674 (Colo. App.1986). In contrast, Kansas has no similar statute and does not require express contract language or another document evidencing a contract, instead, its courts have held that a binding contract will exists if the will evidences that a contract was made. *See Reznik v. McKee,* 216 Kan. 659, 534 P.2d 243 (1975). Therefore, the laws of Kansas and Colorado conflict.

With respect to the construction, validity, and effect of contracts, Colorado applies the law of the state in which the contract was made. *See Carlson v. Boryla,* 490 P.2d 700 (Colo.App.1971)(not published pursuant to C.A.R. 35(f)); *W. Enters., Inc. v. Robo–Sales, Inc.,* 28 Colo.App. 157, 470 P.2d 931 (1970); *First Nat'l Bank v. Arthur,* 10 Colo.App. 283, 50 P. 738 (1897). Those courts that have applied conflict of laws principles to determine whether a will is a contract will have applied the contract choice of law rules and looked to the law of the jurisdiction in which the will was, or wills were, executed. *See Sawyer v. Inglis,* 174 So.2d 760 (Fla.Dist.Ct. App.1965); *see also Regan v. Lenkowsky* 137 F.Supp. 133 (D.N.J.1956); 6 W. Page, *Wills* § 60.26 (Bowe–Parker rev. ed.1962).

In today's mobile society, the law should not require testators and their counsel to comply with the laws of every state in attempting to enter a contract will. Moreover, the choice of law should not impair the important feature of a contract will that it is not unilaterally revocable, and thus one spouse may not change the will after his or her spouse is deceased. *See In re Duncan's Estate, supra.*

■ In determining whether a will is a contract will, using the law of the state of residence (domicile) of the second to die at

the time of death, would be contrary to the original purpose and intent of the contract will. It would allow surviving spouses to move to a state where contract wills are not recognized, or where more stringent requirements are imposed, and thereafter unilaterally revoke the contract will. Or, alternatively, using domicile law would unnecessarily introduce instability in the expectations of the first to die.

Thus, we conclude that whether a will is a contract will must be determined under the laws of the state in which the will was drafted, in this case, Kansas law.

## II.

Having concluded that Kansas law applies, we now must determine whether the Kansas Will is a valid contract will under Kansas law. We conclude that it is.

■ Whether a will is a contract will is a fact question. The scope of our review, however, is not limited to determining whether the trial court's finding is supported by the evidence. When that determination can be made from the will itself "we are in as good a position to make that decision as is the trial court." *In re Estate of Kiser,* 72 P.3d 425 (Colo.App.2003); *In re Ciochon's Estate,* 4 Kan.App.2d 448, 452, 609 P.2d 177, 181 (1980).

■ Here, the Kansas Will contains no clearly expressed intent of the parties to be bound. Further, there is no presumption that a joint and mutual will is a contract will in the absence of evidence to support a finding that the testators intended to contract and be bound. However, the intent of the testators to be bound by a joint and mutual will may be determined circumstantially by other expressions used in the will. *In re Zahradnik's Estate,* 6 Kan.App.2d 84, 626 P.2d at 1211 (1981).

■ The factors to be considered under Kansas law in determining whether a will is a contract will are set forth in *In re Zahradnik's Estate, supra,* 6 Kan.App.2d at 91, 626 P.2d at 1217–18. They are as follows:

(1) A provision in the will for a distribution of property on the death of the survivor;

(2) a carefully drawn provision for the disposition of any share in case of a lapsed residuary bequest;

(3) the use of plural pronouns;

(4) joinder and consent language;

(5) the identical distribution of property upon the death of the survivor;

(6) joint revocation of former wills; and

(7) consideration, such as mutual promises.

Here, the parties agree that the Kansas Will exhibits five of the seven *Zahradnik* factors. The will provides for distribution to the survivor, provides for disposition of a share in case of a lapsed residuary bequest, uses plural first person pronouns, makes identical distributions of property upon the death of the survivor, and revokes the former wills of both testators. However, the parties disagree whether consideration was given and whether the Kansas Will contains joinder and consent language.

The Kansas Will states, in pertinent part, as follows:

## IV.

In the event either of us shall predecease the other, it is our respective desire and request that all of the property of the deceased, be it real, personal or mixed, and wherever located, shall pass to the survivor.

## V.

A. Upon the death of the survivor of us, or in the event we both die as the result of a common disaster, within 30 days of one another, then in that event we hereby give, devise, and bequeath all of our property, be it real, personal or mixed, and wherever located, to the following individuals in shares as set out by their respective names. [Seven names with equal shares follow.]

B. We want it to be clear that we have other good friends and relatives, but it is our desire to leave our estate as set forth herein, and any name not mentioned herein is intentional. Should any of the above beneficiaries predecease the survivor of us

or decline to accept the benefits herein provided for them, it is our desire that that persons [sic] share shall be divided equally among the remaining surviving above-named beneficiaries of our estate.

C. For the purpose of carrying out the provisions of Paragraph V. (A) we hereby direct the executor of our estate to liquidate our assets as soon as is practical after the death of the survivor of us.

Kansas courts have found consideration sufficient to support an agreement when there is evidence of mutual promises made between the testators regarding the disbursement of property to each testator's family. *See In re Wade's Estate*, 202 Kan. 380, 449 P.2d 488 (1969)(finding sufficient consideration when there was evidence of offers and counteroffers to provide for each testator's family).

■ Here, the parties clearly made mutual promises. The testators divided their property equally among members of both of their families, giving individual members from each family one-seventh of their estate and thereby guarding against the sequence of death. In addition, neither having descendants, they mutually promised one another to devise their estate in total to the survivor and not to their separate families. These provisions are, in our view, sufficient consideration and evidence of an agreement.

Further, although exactly what constitutes joinder and consent language has not been fully determined in Kansas, *see Bell v. Brittain*, 19 Kan.App.2d 1073, 880 P.2d 289 (1994), *aff'd*, 257 Kan. 407, 893 P.2d 251 (1995). Kansas courts have found that language such as "in consideration of the mutual testamentary provisions herein contained for the benefit of each other" qualifies as joinder and consent language. *Bell v. Brittain, supra*, 19 Kan.App.2d at 1079, 880 P.2d at 293. Here, although there is no language in the Kansas Will stating that the parties drafted it with the consent of the other, the will is entitled "Joint and Mutual Last Will and Testament," is signed by both parties, and refers to their property, estate, or desires in joint terms, such as "our" and "we." That, in our view, is evidence of joinder and consent language.

Moreover, Kansas law does not require that the will meet all seven factors in order to be recognized as a contract will. Thus, even if the evidence of joinder and consent language or consideration were insufficient, there is nonetheless sufficient evidence that the parties intended a contract will.

Respondents argue that because the Kansas Will contains no contract language and does not contain the key words of "absolute" and "forever," the will is not contract will. However, Kansas law does not require that the will contain express contract language. *See In re Zahradnik's Estate, supra.* Nor is there a requirement that the will state that it is "absolute" or "forever." In fact, the Kansas courts have found the existence of such words to be evidence that the will is not a contract will. *See In re Zahradnik's Estate, supra; In re Chronister's Estate, supra.*

Therefore, we conclude that the Kansas Will is a contract will. It follows then that the heirs of the Kansas Will will have an interest in the distribution of the estate, including the after-acquired property. *See Bell v. Brittain, supra* (a joint and mutual will includes all after-acquired property of the survivor unless a different intention appears from the will).

The Colorado Will may, however, determine the deceased's other wishes, such as burial and the selection of a personal representative because it properly revoked the Kansas Will with respect to those matters. *See Reznik v. McKee, supra*, 216 Kan. at 671, 534 P.2d at 254 ("a single instrument may be both a will, and a contract testamentary in nature; as a will it is revocable but as a contract it is enforceable").

Accordingly, the trial court erred in finding that the Colorado Will revoked the contract of the Kansas Will designating and defining the interests of the devisees.

Having determined that the Kansas Will is a contract will, we need not address the remaining issues brought on appeal.

The order is reversed.

Judge MARQUEZ and Judge PLANK *
concur.